NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MITCHELL WINE,

       Plaintiff - Appellant,

  v.

MERIT SYSTEMS PROTECTION
BOARD; UNITED STATES
DEPARTMENT OF THE INTERIOR;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; STATE OF
ARKANSAS; CHRIS DAVIDSON;
ADRIAN HENRY; JOHN CRISMAN;
SARAH SANDERS,

       Defendants - Appellees.

No. 25-7106

D.C. No.
3:25-cv-03336-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This case is one in a series that Mitchell Wine has brought in various courts relating to his employment termination at the Department of the Interior. *See* Memorandum Opinion at 2, *Wine v. Dep't of Interior*, No. 1:23-cv-00158-JEB (D.D.C. July 17, 2024), ECF No. 39. In each case, courts—including the district court here—have found their jurisdiction and Wine's pleadings wanting. *Id.* He now appeals the dismissal of his claims against officers and entities of the federal and Arkansas state governments. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court.

We review de novo the district court's legal determinations supporting its dismissal. *North East Med. Servs., Inc. v. Cal. Dep't of Health Care Servs*, 712 F.3d 461, 466 (9th Cir. 2013); *Mills v. City of Covina*, 921 F.3d 1161, 1165 (9th Cir. 2019). A district court properly dismisses a complaint if the court lacks jurisdiction. Fed. R. Civ. P. 12(b)(1)–(2). Further, a district court properly dismisses a complaint if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

1. <u>Subject Matter Jurisdiction.</u> The district court properly dismissed Wine's Merit Systems Protections Board (MSPB) appeals for lack of subject matter jurisdiction. Usually, appeals of MSPB decisions must be brought before the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A). The exception is when an employee brings a "mixed case complaint" which can be heard in district court. *Crowe v. Wormuth*, 74 F.4th 1011, 1023–24 (9th Cir. 2023). The district court properly determined that

Wine does not allege a mixed case in his MSPB appeals. Whistleblower appeals cannot be mixed cases. *Young v. Merit Sys. Prot. Bd.*, 961 F.3d 1323, 1327 (Fed. Cir. 2020) (citing 5 C.F.R. § 1209.2(c)). And Wine does not allege discrimination based on a protected characteristic. This is also true of his action claiming breach of his settlement agreement. "[B]reach of a settlement agreement by the government . . . is not . . . an action . . . which will support a mixed case." *King v. Reid*, 59 F.3d 1215, 1218 (Fed. Cir. 1995). The district court correctly determined it lacked subject matter jurisdiction over Wine's MSPB claims.

Wine also brings a claim under the Civil Service Reform Act (CSRA). 5 U.S.C. § 2302(b)(14). Here, too, the district court lacks subject matter jurisdiction. The CSRA's scheme is "both exclusive and preemptive" preventing district court review. *Mangano v. United States*, 529 F.3d 1243, 1246 (9th Cir. 2008). "[T]he CSRA's administrative procedures are the employee's only remedy." *Id.* (cleaned up).

2. Sovereign Immunity. Next, sovereign immunity bars Wine's claims against the federal agencies, Arkansas state, and Arkansas officials sued in their official capacities. The United States may only be sued subject to its consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has not consented to suit for constitutional torts, *Cato v. United States*, 70 F.3d 1103, 1111 (9th Cir. 1995), nor for actions by its agencies under 42 U.S.C. § 1983, *Jachetta v. United*

*States*, 653 F.3d 898, 908 (9th Cir. 2011).

The states and their officials also enjoy sovereign immunity. *Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989). The limited exceptions to this rule do not apply. First, Wine seeks damages. Further, the *Ex Parte Young* doctrine is inapplicable as Wine does not properly allege "an ongoing violation of federal law" nor seek "prospective relief." *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). Finally, the *ultra vires* exception also does not apply as Wine does not specifically or plausibly allege *ultra vires* actions taken by state authorities.

3. <u>Personal Jurisdiction.</u> We next address claims against the individual defendants. The district court properly determined that it lacked personal jurisdiction as the defendants sued in their personal capacities did not direct their activities to California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004). Wine has not alleged sufficient facts to meet his burden proving that Plaintiffs are subject to the district court's jurisdiction. *See Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1087 (9th Cir. 2023). We therefore affirm the district court's dismissal of claims against the individual defendants.

Wine's § 1983 claim also fails as it is time barred under California law. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (deferring to state statutes of limitations

25-7106

for § 1983 claims); Cal. Code Civ. Proc. § 335.1 (two-year statute of limitations). As the events here took place in December 2017, the statute of limitations had passed before Wine filed his first case regarding the events in November 2020.

4. Criminal-Civil Distinction. Wine's attempt to bring causes of action under 18 U.S.C §§ 241, 242 fails as those are criminal actions which may only be brought by the government. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Finally, Wine's invocation of the Crime Victims' Rights Act, 18 U.S.C. § 3771, is misplaced as those rights only apply in criminal prosecutions, not civil cases like that before us. *In re Doe*, 50 F.4th 1247, 1251 (9th Cir. 2022). The district court correctly dismissed the claim.

**AFFIRMED.**